OPINION
Pro se defendant-appellant, Beverly Wood, appeals her conviction for domestic violence entered by the Brown County Court on September 5, 1997. We affirm.
On the morning of July 17, 1997, an altercation broke out between appellant and her husband of fourteen years, Greg Wood.[1] Apparently appellant was burning some candles when her husband returned home, and the excessive smoke from these candles prompted an argument. During the argument, appellant pushed her husband. She also admits that she may have "grabbed him by the throat." Greg Wood attempted to call "911" but appellant had disconnected the telephone. He then left the premises and drove to the police station in Mt. Orab, returning shortly thereafter accompanied by an officer. The officer took a statement from the Woods' daughter, who later testified against her mother. The next day appellant was arrested and charged with domestic violence.
A bench trial was held at which appellant pleaded not guilty, claiming self defense. During the trial, appellant, pro se, attempted to introduce two documents concerning her medical condition at the time of the incident. The first of these documents is a statement from appellant's insurance company showing only that appellant underwent "surgery" in March 1996. The second document is a copy of a physical therapy treatment plan appellant was placed on by a physician at the Mayfield Spine Institute in October 1996. It states that appellant is to engage in no repetitive motion that might aggravate a back injury and is not to lift objects weighing more than nineteen pounds. The state objected to the introduction of this evidence on the grounds that there was a lack of foundation for authentication and that the documents were hearsay. This objection was sustained.
Following the trial, appellant was convicted and timely filed this appeal. Appellant raises one assignment of error, in which she argues that the medical documents should have been admitted into evidence.
An analysis of the rules of evidence as they apply to this case is confounded by the lack of a trial transcript. The absence of a transcript where a case is being reviewed by an appellate court is an issue which was addressed in Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Since appellant has failed to provide this court with a copy of the trial transcript, we must presume the regularity of the proceedings before the trial court and affirm.
Additionally, upon examining the documents appellant sought to have admitted, it is not at all clear that including these documents would have altered the outcome of this case. There is nothing in the documents themselves which indicate that it would have been physically impossible for appellant to have assaulted her husband in the manner described. Nor is there anything in the documents which would support appellant's claim of self defense. Furthermore, even if accepted as wholly authentic and entirely true, these documents make no connection between the medical problems appellant suffered in 1996 and the crime for which appellant was adjudged guilty in 1997.
The assignment of error is overruled. Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Because this court has not been provided with a copy of the trial transcript, we will accept as accurate the statement of facts outlined in appellant's brief. The State in its brief has indicated that it is satisfied with appellant's recitation of the facts.